UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  5:24-cv-02702-SRM-KS | Date: April 28, 2025 |
| Title  *James Peek v. State of California* | |

Present: The Honorable:   Karen L. Stevenson, Chief United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:  N/A          Attorneys Present for Respondent:  N/A

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL AND DISCHARGING OSC RE: FAILURE TO PAY FILING FEE [DKT. NO. 10]**

  On December 9, 2024, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) Petitioner failed to pay the filing fee by the deadline to do so, and on February 28, 2025, the Court issued an Order to Show Cause re Dismissal based upon the unpaid fee. (Dkt. Nos. 6, 10.) On March 10, 2025, Petitioner filed a request to proceed without prepayment of filing fees, which the presiding District Judge granted on April 9, 2025. (Dkt. No. 14, 15.)

  Having now screened the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), and for the reasons stated below, Petitioner is ordered to show cause no later than **Wednesday, May 28, 2025**, why the Petition should not be dismissed on the ground that it is unexhausted.

### BACKGROUND

  The Petition states that Petitioner is in custody following an August 2024 adjudication in the Riverside County Superior Court that he committed a "probation/parole violation" based on the failure to register as a sex offender and possession of methamphetamine. (Pet. at 2.) Petitioner states that he was sentenced to two years in prison for the violation, and his claims raise constitutional challenges to the probation/parole violation ruling in the trial court. (*Id.* at 3-4.) Petitioner provides two case numbers (RIF2402746 and RIF2304317), which are presumably the criminal case numbers for the charges of failing to register and possession of methamphetamine, but states that he does not know "the case number for the violation charge." (*Id.* at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:24-cv-02702-SRM-KS                                       Date: April 28, 2025

Title   *James Peek v. State of California*

  Petitioner does not claim to have appealed the decision to the California Court of Appeal, and this Court's review of the publicly available records in both the Riverside County Superior Court and the California Court of Appeal does not indicate that any direct appeal has been filed in the California courts by Petitioner or on his behalf. *See* https://epublic-access.riverside.courts.ca.gov/public-portal (last accessed on April 23, 2025); *see also* https://appellatecases.courtinfo.ca.gov (last accessed on April 23, 2025).[1] Petitioner does claim to have a "petition, appeal, or other matter" pending before the Riverside County Superior Court, but Petitioner does not identify that filing and only states, "The Superior Court of Riverside has not responded to me." (Pet. at 8.)

**LEGAL STANDARD**

  Rule 4 of the Habeas Rules requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998); *see also* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party). However, a district court's use of this summary dismissal power is not without limits. *Boyd*, 147 F.3d at 1128. To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.*

  Accordingly, **this Order gives Petitioner notice, as detailed below, that the Petition is subject to dismissal because the claims therein appear to be unexhausted**. **To discharge this Order and avoid dismissal, Petitioner, no later than Wednesday, May 28, 2025, must file a signed First Amended Petition showing that the claims raised are exhausted.**

\\
\\
\\
\\

---

[1] Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   5:24-cv-02702-SRM-KS                                           Date: April 28, 2025

Title   *James Peek v. State of California*

**THE PETITION IS UNEXHAUSTED**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Thus, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

To satisfy AEDPA's exhaustion requirement, a state prisoner must "fairly present" his federal claims to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see also Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). In California, a state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998).

Here, it appears that Petitioner's current claims have not been addressed by the California Supreme Court. Nor does it appear that Petitioner filed any direct appeal of the ruling at issue, let alone a direct appeal raising his instant claims. Consequently, the Petition is subject to dismissal as wholly unexhausted. *Rose*, 455 U.S. at 510, 521.[2]

\\
\\
\\

---

[2] Petitioner has also failed to name a proper respondent. Habeas Rule 2(a) requires a habeas petitioner to "name as respondent the state officer who has custody" of the petitioner pursuant to a state-court judgment. Here, Petitioner is currently housed at the California Rehabilitation Center ("CRC") in Norco, California. The official website for CRC indicates that the Acting Warden is Leo Quiroz. *See* https://www.cdcr.ca.gov/facility-locator/CRC (last accessed on April 23, 2025). Therefore, in any First Amended Petition, Petitioner should substitute Mr. Quiroz for the "State of California."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   5:24-cv-02702-SRM-KS                                         Date: April 28, 2025

Title   *James Peek v. State of California*

**CONCLUSION**

 **Petitioner is ORDERED TO SHOW CAUSE on or before Wednesday, May 28, 2025 why the Petition should not be dismissed**—that is, Petitioner must file, no later than **May 28, 2025**, a signed First Amended Petition for Writ of Habeas Corpus establishing that both of his claims are fully exhausted because Petitioner presented them to the California Supreme Court and the California Supreme Court has addressed them.

 Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules.

 **Alternatively**, if Petitioner also concludes that this action is unexhausted (and therefore premature) and wishes to preserve his ability to pursue federal habeas relief at the appropriate time, **he may voluntarily dismiss this action without prejudice by filing a signed document entitled "Notice of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1)**.

 The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition and a copy of the Central District's form Notice of Voluntary Dismissal.

 Finally, the Court's prior OSC that was issued for Petitioner's failure to pay the filing fee [dkt. no. 10] is hereby **DISCHARGED**.

 IT IS SO ORDERED.

|  | : |
|---|---|
| **Initials of Preparer** | gr |